IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| De'ANDRE BERNARD MOODY, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV614-108 |
| STANLEY WILLIAMS; JAMES DEAL; ANDREW McFARLANE; ERIC SMOKES; and JOHNNY DAVIS, | : | |
| Defendants. | : | |

## O R D E R

Plaintiff, an inmate presently incarcerated at Smith State Prison in Glennville, Georgia, filed his complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Defendants Williams, Deal, McFarlane, Smokes and Davis filed a Motion to Dismiss on February 9, 2015. (Doc. 15.)

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336-37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motion for a dismissal or to inform the court of his decision not to oppose Defendants' motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' motion, the Court will determine that Plaintiff does not oppose to the motion. See Local Rule 7.5.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 19th day of February, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Local Rule 7.5 states,

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. <u>Failure to respond shall indicate that there is no opposition to a motion.</u>

(emphasis added).