IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DE'ANDRE MOODY,

Plaintiff,

v.

WARDEN STANLEY WILLIAMS; DEPUTY WARDEN JAMES DEAL; CPT. ANDREW MCFARLANE; ERIC SMOKES; and ST. JOHNNY DAVIS,

Defendant.

CIVIL ACTION NO.: CV614-108

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated July 9, 2015 (doc. 32). After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections, (doc. 33), concurs with the Magistrate Judge's Report and Recommendation, and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Accordingly, Defendants' Motion to Dismiss, (doc. 15), is **GRANTED**, and Plaintiff's Complaint, (doc. 1), is **DISMISSED**, without prejudice. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** *in forma pauperis* status on appeal.

I. Background

Plaintiff, who is currently incarcerated at the Georgia Diagnostic Center in Jackson, Georgia, filed a cause of action on October 7, 2014, contesting certain conditions of his

confinement while he was housed at Smith State Prison in Glennville, Georgia. (Doc. 1.) In his Complaint, Plaintiff claimed he informed an officer and Defendant Smokes upon his arrival at Smith State Prison that his "affiliation" was wrong. (Id. at p. 5.) Plaintiff contended he was placed in a single man cell in administrative segregation because of the violent assaults between rival gang members at the prison. Plaintiff also contended Defendant McFarlane instructed him to pack his things and move to a two man cell about a month after his arrival Smith State Prison. Plaintiff asserted he was later given a cell mate who is a member of a rival gang, even though there was no one else in the cell with him initially. Plaintiff also asserted he informed all Defendants on a daily basis that they needed to move Plaintiff out of that cell because he and his cell mate were members of rival gangs.

Specifically, Plaintiff maintained Defendant McFarlane "assured" Plaintiff that things would be fine and told Plaintiff if he had any problems to notify the floor officer and "they will be handled." (Id. at p. 6.) Additionally, Plaintiff asserted that he told Defendant Davis he and his cell mate were having problems since they were not of the same gang affiliation, and Defendant Davis told Plaintiff to give him a few days to have the two inmates separated. Further, Plaintiff asserted he informed Defendants Smokes, Deal, Williams, and Davis on August 28, 2013, of the severity of the problems between him and his roommate because he was trying to avoid an altercation. However, Plaintiff maintained, Defendants Smokes, Deal, Williams, and Davis left this area and forgot all about Plaintiff and his concern for his safety. (Id. at p. 8.) Plaintiff alleged he was not moved, and his cell mate stabbed him in the face, hands, left arm, and left leg while he was sleeping on August 31, 2013. (Id. at pp. 12, 14.) Plaintiff contended he sustained several injuries as a result of this stabbing.

Plaintiff alleged that he was taken to the hospital for medical treatment and, upon his return to the prison, he was placed in a single man cell. Plaintiff asserted he noticed several single man cells which were empty where he could have been placed before he was stabbed. (Id. at p. 14.) Plaintiff also asserted he was once again placed in a two man cell about a week later and was placed in a cell with a member of a rival gang. Plaintiff contended he voiced his concerns about this arrangement, he was not moved, and his cell mate attacked him with a knife. Plaintiff asserted he was able to take the knife away from his cellmate before he was stabbed. (Id. at p. 16.)

After the requisite frivolity review, Plaintiff's Complaint was served upon Defendants based Plaintiff's allegations that Defendants were deliberately indifferent to his safety, in violation of the Eighth Amendment. (Doc. 8.) Defendants filed a Pre-Answer Motion to Dismiss, which the Magistrate Judge recommended be granted based on Plaintiff's failure to exhaust his administrative remedies prior to the filing of his Complaint. Plaintiff filed Objections to this Recommendation.

## II. Discussion

The Magistrate Judge correctly set forth and applied the law pertinent to Defendants' Motion to Dismiss, and the Court need not detail that discussion at length here. Nevertheless, the Court addresses Plaintiff's Objections.

In his Objections, Plaintiff asserts he made "sufficient attempts" to exhaust his administrative remedies, but "staff members" failed to respond, rendering the appeal remedies unavailable. (Doc. 33, p. 1.) Plaintiff maintains he exhausted all available remedies. Plaintiff alleges the grievance procedure does not provide for a chain of custody for a grievance, nor does the procedure allow a prisoner an "instant rec[ei]pt" to confirm exhaustion. (Id.) According to

Plaintiff, the Magistrate Judge's Report and Recommendation should be disregarded because Defendants' Motion is meritless and lacks evidence to support their contention that he failed to exhaust his administrative remedies.

Plaintiff makes the argument that staff failed to respond to his grievance appeals for the first time in his Objections. Plaintiff's failure to raise this argument before the Magistrate Judge is an independent ground for overruling his objection. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009). Moreover, Plaintiff's objection is belied by the evidence before the Court.

Specifically, Defendants submitted copies of the four (4) grievances Plaintiff filed while he was housed at Smith State Prison. Defendants also submitted copies of the Warden's responses to these grievances, all of which bear Plaintiff's signature acknowledging receipt of the responses to his grievances. (Doc. 15-4, pp. 5, 9, 13, 17.) However, there is no evidence before the Court that Plaintiff filed appeals of the denials of his grievances.

The Court notes Plaintiff's submission of a Central Office Appeal Response, which Plaintiff contends supports his assertion he exhausted his administrative remedies prior to filing his Complaint. According to this response, the Georgia Department of Corrections' records lacked any evidence Plaintiff filed a grievance in October 2013. In addition, the grievance referenced in this response is number 187746, (doc. 33, p. 2), whereas the copies of the grievances Defendants provided bear the numbers 156363, 156365, 162060, and 162748. (Doc. 15-4.) The numbering of these grievances indicates that, had Plaintiff filed Grievance Number 187746 at Smith State Prison, this grievance would have been filed later than the other grievances Plaintiff submitted and likely would not have been timely filed under Standard Operation Procedure IIB05-0001. "An inmate must submit a grievance form 'no later than 10 calendar days from the date the [inmate] knew, or should have known, of the facts giving rise to

the grievance.'" (Doc. 32, p. 6) (quoting Doc. 15-3, p. 8) (emphasis in original.)) Thus, any grievance filed in October 2013 relating to the events set forth in his Complaint would not have been timely filed, as the events giving rise to Plaintiff's Complaint occurred in late August and early September of 2013. (Doc. 1.)

## CONCLUSION

Plaintiff's Objections are without merit and are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is **ADOPTED** as the opinion of the Court. Defendants' Motion to Dismiss, (doc. 15), is **GRANTED**, and Plaintiff's Complaint, (doc. 1), is **DISMISSED**, without prejudice. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this 11th day of August, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA